**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| GREAT AMERICAN ALLIANCE INSURANCE COMPANY, | ) <br> ) <br> ) |
| Plaintiff, | )    CIVIL ACTION FILE <br> )    NO. |
| vs. | ) <br> ) |
| GLOBAL MANAGEMENT & INVESTMENT CORPORATION, SHIV GLOBAL HOTEL, LLC, and M.P. | ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

## GREAT AMERICAN ALLIANCE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Great American Alliance Insurance Company ("Great American"), by and through its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, and files this its Complaint for Declaratory Judgment against Defendants Global Management & Investment Corporation ("GMIC"), Shiv Global Hotel, LLC DBA Knights Inn ("Shiv Global"), and M.P. as follows:

### INTRODUCTION

1.    Plaintiff Great American seeks a declaration, under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, that the part of

1

307454167v.1

the commercial umbrella and excess liability policy it issued to GMIC and Shiv Global as the named insureds, for premises located at 2859 Panola Rd., Lithonia, GA 30058 (the "Knights Inn Location"), should be rescinded and is void *ab initio* based on material misrepresentations Defendants GMIC and Shiv Global made in their November 6, 2015 application for umbrella insurance.

## **PARTIES**

2.      Plaintiff Great American is an Ohio corporation with its principal place of business at 301 E. Fourth St., Cincinnati, OH, 45202 and is duly authorized to conduct business in the State of Georgia.

3.      On information and belief, Defendant GMIC is a company organized under the laws of the State of Georgia, with its principal place of business at 2030 Avalon Parkway, Suite 200, McDonough, GA, 30253.  GMIC may be served through its registered agent, Joel Haber, at 2030 Avalon Parkway, Suite 200, McDonough, GA, 30253.

4.      On information and belief, Defendant Shiv Global is a limited liability company organized under the laws of the State of Georgia, with its principal place of business at 2030 Avalon Parkway, Suite 200, McDonough, GA, 30253.  On information and belief, Shiv Global's members are not citizens of Ohio.  Shiv Global may be served through its registered agent, Joel Haber, at 2030 Avalon Parkway, Suite 200, McDonough, GA, 30253.

2

5.      Defendant M.P. is the plaintiff in an underlying lawsuit pending in this judicial district against Defendants GMIC and Shiv Global.  On information and belief, Defendant M.P. is a resident and citizen of the State of Georgia.  M.P  has been joined herein as a Defendant solely in order to be bound by the judgment rendered in this case.

## JURISDICTION AND VENUE

6.      The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), because it involves a dispute between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because this is a civil action in which subject matter jurisdiction is founded on diversity of citizenship, all Defendants are residents of the State of Georgia, the action is brought in the judicial district where Defendants GMIC and Shiv Global reside or were doing business, and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

8.      An actual case and controversy of a justiciable nature exists.  Great American files this declaratory judgment action, pursuant to 28 U.S.C. § 2201, to resolve questions of whether partial rescission of an insurance policy is proper.

307454167v.1

## FACTUAL BACKGROUND

9.     This is an action seeking a declaratory judgment that the part of an insurance policy providing commercial umbrella and excess liability insurance coverage to Defendants GMIC and Shiv Global for the Knights Inn Location under a Certificate of Coverage provided under a Master Umbrella Policy, issued to Select Hospitality Insurance Group, Inc. ("Select"), a risk purchasing group, is rescinded and void *ab initio* due to material misrepresentations made by Defendants GMIC and Shiv Global in an application for commercial umbrella and excess liability insurance coverage for the Knights Inn Location.

10.     IDP Insurance Brokerage LLC ("IDP") was the managing agent and was authorized by Great American to underwrite or submit applications for Select's commercial umbrella and excess liability insurance policies issued by Great American during the relevant time period.

11.     These material misrepresentations by Defendants GMIC and Shiv Global in the application for commercial umbrella and excess liability insurance coverage entitle Great American to a declaration that the part of policy affording coverage to Defendants GMIC and Shiv Global for the Knights Inn Location is rescinded and void *ab initio*.

## The Application

12.     As part of its administration of the hospitality risk purchasing group,

307454167v.1

IDP underwrites certain applications for coverage under a Master Umbrella Policy issued by Great American.

13.  On or about November 6, 2015, GMIC, through its retail insurance broker, Insurance Office of America ("IOA"), submitted an application (the "November 6, 2015 Application") to National Specialty Underwriters (NSU) for commercial umbrella and excess liability insurance coverage as a member of Select's hospitality risk purchasing group.  A true and correct copy of the November 6, 2015 Application is attached hereto as **Exhibit A**.  The November 6, 2015 Application sought commercial umbrella and excess liability insurance coverage for GMIC and Shiv Global for the Knights Inn Location, among other entities and hotel locations.

14.  Under the November 6, 2015 Application's "Section III: Policy Details – Insured," the proposed effective date of coverage is stated to be November 26, 2015 to November 26, 2016.

15.  Under the November 6, 2015 Application's "Section IV: Insured Information," the "Name of Insured" is identified as "Global Management and Investment Corporation."

16.  The November 6, 2015 Application's "Section V: Location Information" was completed as follows:

307454167v.1

**SECTION V: Location Information – Complete here if risk has 1-4 locations**

Does this risk have more than 4 locations? If yes, we will accept either a Statement of Values or the completion of Section V for each location. Choose one option:

☐ No, this risk has 4 or fewer locations

☒ Yes, this risk has more than 4 locations and I choose to attach an SOV. Complete SOV Supplemental
Download Ctrl+Click to Open

☐ Yes, this risk has more than 4 locations and I choose to complete Section V for each location. Complete Multi Location Supplemental
Download Ctrl+Click to Open

17.     Attached to the November 6, 2015 Application is a statement of values ("SOV"), which lists the Knights Inn Location at 2859 Panola Rd., Lithonia, GA 30058 as a location, and "Shiv Global Hotel, LLC" as the "Entity" for the Knights Inn Location.

18.     The November 6, 2015 Application's "SECTION I: Eligibility," "6. PRIOR LOSS HISTORY" was completed as follows:

**6. PRIOR LOSS HISTORY**

**A.** Have there been any incurred liability losses in excess of $250,000 under any primary liability policy in the past 3 years?     ☐ Yes     ☒ No

**B.** Have there been any aggregate liability losses in excess of $300,000 at any one location in any one policy year?     ☐ Yes     ☒ No

**C.** Have there been 5 or more incurred losses at any one location in a single year in the past 3 years?     ☐ Yes     ☒ No

**D.** Have there been any incidents involving the following:     ☐ Yes     ☒ No
   **i.** Death
   **ii.** Brain Damage
   **iii.** Burns over 50% of the body or other substantial disfigurement of the body
   **iv.** Spinal cord injury involving any degree of paralysis
   **v.** Any injury to a minor child
   **vi.** Any assault, robbery or violent acts of any kind
   **vii.** Any Liquor legal liability related claims

If you answered **Yes** to any of the above questions, provide 5 years currently valued hard copy loss runs.

19.     With respect to the locations listed on the SOV, including the Knights Inn Location, Section I., Subsections 6.D.i. and 6.D.vi. of the November 6, 2015

6

307454167v.1

Application asks, respectively, "[h]ave there been any incidents involving…i. Death[?]" and "[h]ave there been any incidents involving…vi. Any assault, robbery or violent acts of any kind[?]".  With respect to these questions, the corresponding "No" box is marked with an "X" indicating no such incidents had occurred at the Knights Inn Location.

20.    Section VII. of the November 6, 2015 Application requires a final signature by the broker.  Preceding the broker's signature block is the following statement:

> Any person, who knowingly and with intent to defraud an insurance company or other person, files this application for insurance containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent act, which is a crime, and may subject such person to criminal and civil penalties.
>
> [X] By checking this box I agree that I have read this entire application and have, or will have reviewed the restriction herein with my client prior to binding coverage.

21.    Melissa Sheker, on behalf of IOA, signed the November 6, 2015 Application on November 6, 2015.

22.    In reliance on the representations made in the November 6, 2015 Application, Great American, via IDP, issued an umbrella policy to GMIC comprised of a certificate of coverage and a master policy.  Specifically, upon IDP's approval of the November 6, 2015 Application, GMIC was accepted as a member of Select's real estate risk purchasing group and was issued a Certificate of Coverage,

7

307454167v.1

Certificate Number 2732 (the "Certificate"), which identified GMIC and Shiv Global as named insureds and the Knights Inn Location as a covered location. The Certificate provides $10 million of umbrella and excess liability insurance coverage (part of a $25 million excess tower) for the period of November 26, 2015 to November 26, 2016 under the umbrella policy.

23.    The Certificate further reflects that the commercial umbrella and excess liability insurance coverage was provided under Great American's Master Policy Number UM 3718488 issued to Select, which was in effect from July 31, 2015 to July 31, 2017. The Certificate and Great American's Master Policy No. UM 3718488 are hereinafter collectively referred to as "Umbrella Policy." A true and correct copy of the Umbrella Policy is attached hereto as **Exhibit B**.

### The Underlying Lawsuit and Great American's Investigation

24.    On or about April 1, 2024, Great American was first notified of the lawsuit against GMIC and Shiv Global styled *M.P. v. Shiv Global Hotel, LLC d/b/a Knights Inn and Global Management & Investment Corporation d/b/a Knights Inn*, Case No. 1:24-cv-01205-LMM, pending in the United States District Court for the Northern District of Georgia (the "Underlying Lawsuit").

25.    In the Underlying Lawsuit, plaintiff M.P. alleges that from about April 22, 2016 through April 26, 2016, she was trafficked for commercial sex by a third party at the hotel at the Knights Inn Location, during which time Shiv Global owned

8

the hotel, and GMIC, together and in cooperation with Shiv Global, operated and managed the hotel. Plaintiff M.P. asserts claims against GMIC and Shiv Global for statutory liability for violations of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595(a).

26.   Primary insurer, Western World Insurance Company, is defending GMIC and Shiv Global in the Underlying Lawsuit subject to a reservation of rights.

27.   In the course of Great American's evaluation and investigation of the Underlying Lawsuit, Great American first received a copy of a Dekalb County Police Department Incident Report dated September 15, 2014 (the "Incident Report"), which was produced in the course of discovery in the Underlying Lawsuit. A true and correct copy of the Incident Report is attached hereto as **Exhibit C**.

28.   The Incident Report was prepared by an Officer "M S Bailey" in connection with the murders of Nathaniel Dumas and Marquita Smith in room number 312 at the Knights Inn Location, which occurred on or around September 15, 2014.

29.   The Incident Report lists the "incident type" as "16-5-1 (0911) MURDER – GUN 16-5-1." The narrative for the Incident Report states as follows:

> The following entered the crime scene:Medic Unit #64. Fire Engine#14.0fficer M.S.Bailey #3010, SgtV.Gamble#1666.0fficer L.LEdwards #3098, Officer C.Jones #3212.CaptJohnson. Major Dedrick. Major Felon.y. CSI.Medical Examiners. Capt.Rutland,Officer Hardaway #2482, Chief Conroy, Chief Yarbrough and Levitt Funeral Home

At approximately 12:42 on 9/15/2014 I arrived at 2859 Panola Rd (Knights Inn) room #312 in reference to a double homicide.

Upon my arrival I met with EMS who advise that the two subjects inside were obviously deceased. I observed a female face down in a large amount of aged blood (coagulated, dry and dark brown) on the 2nd bed in the room, with a pillow over her head. There was a laptop next to her on the bed. upright in an open position, with the power still on and a vehicle browsing website open.The female subject has not yet been identified, but there was medication in the room with the name. Marquita Smith, on the prescription lable.

The male victim. Mr. Nathaniel O'Neal Dumas, was laying on his left side, on the floor, in a small area just behind the front door. Mr. Dumas was laying in a large amount of dried, dark brown blood with right hand covering the right side of his face. The bodies were not touched. Mr. Dumas was identified by EMS looking in his wallet (located on the first bed).

I then met with the downstairs neighbor in room #212 .Mr. Aaron Douglas, who advised that a (approximately 60 year old) black male that Douglas identified as Dumas's friend drove up in a blue, late model minivan and went upstairs. Aaron stated that he could hear the man knock at the door several times. Aaron stated that the man was only there for several moments, no movement or talking was heard upstairs, then the man left shortly afterwards.

I then met with the mother. Ms. Diane B .Crumbley, who advised that she last heard fro her son. Dumas, on Friday 9/12/2014 (via phone). She stated that she made several attempts to contact him and was unable to. She became so concemed that she drove to the Knights Inn, but there was no answer at the door. Ms.Crumbley advised that she then got the Hotel manager, Mr. Yogi Patel and Housekeeping Ms. Jackie Martin and begged them to open the door because she knew something was wrong. Hotel manangement used a master key to gain entry. When the manager saw the woman on the bed he immediately called EMS and did not let Crumbley inside the room. Major Crime Division was contacted and responded to the scene for further investigation.

10

307454167v.1

30.    On November 8, 2024, Great American first learned that Shiv Global had contemporaneous awareness of the double murder that occurred on or around September 15, 2014.  Specifically, Great American, in the course of its evaluation and investigation of the Underlying Lawsuit, first received a copy of the transcript of M.P.'s counsel's deposition of Yogesh Ghadawala, who was the general manager of the hotel at the Knights Inn Location at the time that the double murder occurred on or around September 15, 2014 (the "Ghadawala Transcript").  A true and correct copy of the relevant deposition testimony from the Ghadawala Transcript is attached hereto as **Exhibit D**.  In his deposition, Mr. Ghadawala was provided a copy of the Incident Report and testified that he was at the Knights Inn Location on around September 15, 2014 when a housekeeper informed him that she had discovered a dead body in room number 312.  Mr. Ghadawala testified that he subsequently observed the dead body and that the hotel called 911.  Further, Mr. Ghadawala testified that he was later informed by the police that there two dead bodies in room number 312, and that both individuals had been shot.

31.    Because a double murder occurred at the Knights Inn Location on or around September 15, 2014 and Shiv Global was aware of the double murder prior to the submission of the November 6, 2015 Application, the representation in the November 6, 2015 Application that there were no incidents of "death" at the Knights Inn Location is false and is a misrepresentation.

11

32.     The misrepresentation in the November 6, 2015 Application that there were no incidents of "death" at the Knights Inn Location was material to the decision by Great American, via IDP, to bind coverage under the Umbrella Policy for Defendants GMIC and Shiv Global with respect to the Knights Inn Location. Had Defendants GMIC and Shiv Global disclosed that a double murder occurred at the Knights Inn Location on or around September 15, 2014, Great American would not have issued the Umbrella Policy.

33.     Because a double murder occurred at the Knights Inn Location on or around September 15, 2014 and Shiv Global was aware of the double murder prior to the submission of the November 6, 2015 Application, the representation in the November 6, 2015 Application that there were no "violent acts of any kind" at the Knights Inn Location is false and is a misrepresentation.

34.     The misrepresentation in the November 6, 2015 Application that there were no "violent acts of any kind" at the Knights Inn Location was material to the decision by Great American, via IDP, to bind coverage under the Umbrella Policy for Defendants GMIC and Shiv Global with respect to the Knights Inn Location. Had Defendants GMIC and Shiv Global disclosed that a double murder occurred at the Knights Inn Location on or around September 15, 2014, Great American would not have issued the Umbrella Policy.

307454167v.1

## <u>COUNT I</u>
## <u>DECLARATORY JUDGMENT - RESCISSION</u>

35.    Great American incorporates and realleges the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

36.    Defendants GMIC and Shiv Global made material misrepresentations in the November 6, 2015 Application.

37.    Defendants GMIC and Shiv Global represented that there were no incidents of "death" and no "violent acts of any kind" at the Knights Inn Location.

38.    During the course of investigating the Underlying Lawsuit, Great American first received a copy of the Incident Report and the Ghadawala Transcript, which indicate that a double murder occurred at the Knights Inn Location on or around September 15, 2014 and that Shiv Global was aware of the double murder prior to the submission of the November 6, 2015 Application, contrary to the representations on the November 6, 2015 Application.

39.    Had Defendants GMIC and Shiv Global disclosed that a double murder occurred at the Knights Inn Location on or around September 15, 2014, the November 6, 2015 Application would have been rejected as to the Knights Inn Location and Great American unequivocally would not have issued umbrella coverage to Defendants GMIC and Shiv Global for the Knights Inn Location under the Umbrella Policy.

307454167v.1

40.     Because Defendants GMIC and Shiv Global failed to disclose in the November 6, 2015 Application that a double murder occurred at the Knights Inn Location on or around September 15, 2014, Great American is entitled to a judicial declaration stating that the part of the Umbrella Policy providing coverage to Defendants GMIC and Shiv Global for the Knights Inn Location is rescinded and is void *ab initio*.

41.     Great American is prepared to deposit the premium earned with the registry of this Court to be returned to Defendants GMIC and Shiv Global upon the partial rescission of the Umbrella Policy.

WHEREFORE, Great American requests that this Court enter an Order including or directing the following relief:

a.     A declaration that the part of the Umbrella Policy providing coverage to Defendants GMIC and Shiv Global for the Knights Inn Location is rescinded and is void *ab initio;*

b.     A declaration that Great American has no obligations to Defendants GMIC and Shiv Global for coverage under the Umbrella Policy;

c.     A declaration that Great American has no duty to defend or indemnify Defendants GMIC and Shiv Global in connection with the Underlying Lawsuit;

14

307454167v.1

d.   Great American is entitled to recover costs of this lawsuit, and

attorneys' fees incurred herein; and

e.   Great American is entitled to such other relief this Court deems

just and proper.

## JURY DEMAND

Great American demands a trial by jury on all triable issues pursuant to Rule

38 of the Federal Rules of Civil Procedure.

Respectfully submitted this 28th day January, 2025.

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP**

*/s/ Kyle P. Barrett*
Kyle P. Barrett
Georgia Bar No. 874795

*Counsel for Plaintiff Great American
Alliance Insurance Company*

3348 Peachtree Road NE
Suite 1400
Atlanta, Georgia 30326
Telephone:  (470) 419-6650
Facsimile:  (470) 419-6651
kyle.barrett@wilsonelser.com

307454167v.1