IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GREAT AMERICAN ALLIANCE INSURANCE COMPANY,<br><br>     Plaintiff,<br><br>v.<br><br>GLOBAL MANAGEMENT & INVESTMENT CORPORATION, SHIV GLOBAL HOTEL, LLC, and M.P.,<br><br>     Defendants. | CIVIL ACTION FILE NO. 1:25-CV-00375-SEG |

## DEFENDANTS GLOBAL MANAGEMENT & INVESTMENT CORPORATION AND SHIV GLOBAL HOTEL, LLC'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS AND RESPONSE TO PLAINTIFF GREAT AMERICAN'S MOTION TO FILE AND AMENDED COMPLAINT

Defendants Global Management & Investment Corporation ("Global Management") and Shiv Global Hotel, LLC ("Shiv") (collectively "Defendants"), pursuant to Fed. R. Civ. P. 12(b)(1) hereby file their Reply Brief in Support of their Motion to Dismiss Great American Alliance Insurance Company's ("Great American") Complaint and Response to Great American's Motion to File an Amended Complaint showing the Court as follows:

## INTRODUCTION

This Court lacks subject matter jurisdiction to enter declaratory judgment as to Great American's claim for rescission. As acknowledged by Great American, the underlying suit is settled. (Doc. 20, Exhibit A.) Great American also concedes that there is no pending claim, or even potential claim, which implicates its duties under the Policy. (Doc. 20 at p. 10-11; *see generally* doc. 20, Exhibit B.) However, Great American contends that its request for rescission, alone, is a sufficient controversy to support subject matter jurisdiction, but the case law, even that cited by Great American, clearly establishes that a right to rescission, alone, is not enough. More is needed, such as a concrete, reasonable likelihood of a liability or benefit resulting from rescission. Because Great American cannot establish such liability or benefit, its claim of declaratory judgment for rescission must be dismissed for lack of subject matter jurisdiction. Moreover, no amendment to Great American's Complaint will change the fact that there is no actual controversy between the parties. Therefore, this Court should deny Great American's Motion to File an Amended Complaint and dismiss Great American's Complaint for lack of subject matter jurisdiction.

## ARGUMENT AND CITATION TO AUTHORITY

The federal Declaratory Judgment Act provides that a federal court may only adjudicate a case for declaratory relief if an "actual controversy" exists. 28 U.S.C. § 2201(a); *see also Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937) (noting

that Article III's "cases" and "controversies" requirement is embodied in the Declaratory Judgment Act's "actual controversy" requirement). A court may enter a declaratory judgment only where there is a "definite and concrete" controversy. *Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Constr. Co.*, 607 F.3d 1268, 1275 n.14 (11th Cir. 2010). A declaratory judgment may not be "an opinion advising what the law would be upon a hypothetical state of facts." *Owners Ins. Co. v. Parsons*, 610 Fed. App'x. 895, 897 (11th Cir. 2015). Even a "well-founded" concern of future injury is not enough to create a justiciable controversy if it is based on speculation. *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 415 (11th Cir. 1995). "Furthermore, the controversy must exist at the time of trial and must be "live" throughout the case. *U.S. Fire Ins. Co. v. Caulkins v. Indiatown Citrus Co.*, 931 F.2d 744, 747 (11th Cir. 1991).

### A. Defendants do not mischaracterize Great American's lawsuit

Great American contends that the Defendants mischaracterize its declaratory claim for recission because its right to rescission is independent of its duties to defend and indemnify. As acknowledged by Great American, the duties to defend and indemnify are the duties which it seeks to avoid by seeking declaration of its alleged right to rescission. (Doc. 1 at p. 14; doc. 20 at p. 9.) Therefore, any analysis of Great American's right to declaratory judgment for rescission must take into consideration whether these duties are implicated. *See Wilshire Ins. Co. v. Crestview*

*Towers Condo. Ass'n, Inc.*, No. 1:21-cv-23214-EGT, 2023 WL 5352777, at *9 (S.D. Fla. June 27, 2023) ("Because there has been no judgment rendered against the Defendants and the underlying coverage has not been exhausted, GA Alliance's no duty to defend or indemnify claims failed to qualify as a case or controversy. This 'lack of an actual case or controversy is fatal *both* to the claim for declaration of rescission and the claim for declaration of no coverage under the exclusions.'") (emphasis in the original); *see also Indem., Inc. v. Banyon 1030-32, LLC*, No. 0:10-cv-60285-UU, 2010 WL 11601098, at *3 (S.D. Fla. May 28, 2010) (same).

Although Great American tries to discredit the applicability of *Ironshore*, it provides clear guidance for this Court. In this case, an excess insurer specifically sought declaration as to its right to rescission. *Id.* at *1. The court explained that because the underlying coverage was not exhausted, there was no case or controversy sufficient to support the court's jurisdiction. *Id.* at *2. The court specifically explained this was "fatal . . . to the claim for declaration of rescission . . . [because] without an immediate threat of future injury to [the insurer], the Court might well be deciding purely hypothetical issues." *Id.* at *3.

*Ironshore* involves the same claim and same underlying facts that are before this Court—an excess insurer seeking declaration of its right to rescission when its duties are not implicated, and this Court should find, like the *Ironshore* court, that there is an insufficient actual controversy to support declaratory judgment. This is

even more true with the settlement of the underlying suit. As none of Great American's duties under the Policy are currently implicated, Great American does not face any "immediate threat of future injury."

Great American's duties under the Policy were never implicated because it is an excess insurer, and now, after settlement, those duties are extinguished as to any claim from M.P. By entering declaratory judgment as to Great American's right to rescission, this Court would be essentially ruling that Great American does not owe duties under the Policy as to future claims which may or may not come to fruition. This is not a "well-founded concern of future injury" contemplated by the Declaratory Judgment Act. *See Atlanta Gas Light Co*, 68 F.3d at 415. Thus, this Court should dismiss Great American's Complaint for lack of subject matter jurisdiction as there is no actual controversy. Furthermore, no amendment to Great American's Complaint will change the fact that no actual controversy exists between the parties. Accordingly, this Court should also deny Great American's Motion to File an Amended Complaint.

> *B. A claim of declaratory judgment for rescission, without a concrete, reasonable likelihood of a liability or benefit resulting from the rescission, is insufficient to create an actual controversy*

Great American contends that its claim of declaratory judgment for recission, regardless of whether there is a pending claim, creates an actual controversy sufficient to support subject matter jurisdiction. (Doc. 20 at pp. 10-14.) Great

American cites three out of circuit cases to support its argument, but these cases are not controlling and, more importantly, do not support Great American's position. In fact, these cases make clear that there must be some concrete, reasonable likelihood of a liability or benefit resulting from the rescission to create an actual controversy.

First, in *Republic Ins. Co. v. Masters, Mates & Pilots Pension Plan*, 77 F.3d 48 (2d Cir. 1996), the defendant-insured argued that the plaintiff-insurer's claim for rescission was moot following settlement of an underlying suit. *Id.* at 50. Significantly, the underlying settlement agreement allowed the various co-insurers to seek redistribution from one another; therefore, the court noted that the plaintiff-insurer had a practical interest in having the policy rescinded because if its policy was void from the beginning, the insurer could seek redistribution from the co-insurers. *Id.* at 50, 52. The court further noted that the plaintiff-insurer was facing a stayed suit in another court, which recission of the policy could completely resolve. *Id.* at 52. The court, therefore, concluded that there was sufficient controversy to support subject matter jurisdiction. *Id.* at 52.

Second, in *United States Underwriters Ins. Co. v. Orion Plumbing & Heating Corp.*, 765 F. App'x 534 (2d Cir. 2019), the court found that declaration for recission was a justiciable controversy, even though there was no underlying claim. *Id.* at 537. However, the Court specifically noted that the plaintiff-insurer:

> alleged a reasonable likelihood that it will face liability . . . based, at minimum, on its duty to defend . . . under its policy. US Underwriters

6

could face this liability based on reinstatement of the underlying action
. . . or any further litigation . . . .

*Id.* The Court concluded that the reasonable likelihood of future litigation provided "sufficient facts to raise an actual controversy about the appropriateness of rescission." *Id.*

Lastly, in *Republic-Franklin Ins. Co. v. Donat Ins. Servs., LLC,* No. 20-CV-875-WMC, 2021 WL 3403801 (W.D. Wis. Aug. 4, 2021), the court, in fact, dismissed the plaintiff-insurer's declaratory claim for recission specifically because there was no pending claim. *Id.* at *1. The court explained that it was not "prepared to conclude on the limited, pleaded facts that no actual case or controversy currently exists between the parties." *Id.* at *3. However, as there was no pending claim, the court explained that it was "hesitant to proceed with litigation because no claim has yet been made against defendant . . . in the first instance, let alone plaintiff . . . . *Id.* The court further explained that:

> Issuing a declaration, after the devotion of both judicial and party resources, that would provide no concrete benefit to either party, is not an efficient way to proceed. Nevertheless, this dismissal will be without prejudice, and plaintiff remains free to seek reopening of this case should the underlying facts advance to a point where plaintiff is threatened with a more concrete harm.

*Id.*

While cited by Great American, these cases undoubtedly weigh in favor of dismissal. More is needed than a mere claim of declaratory judgment for rescission

to establish a case and controversy to support subject matter jurisdiction. These cases indicate that there must be some kind of concrete, reasonable likelihood that Great American will be subject to some liability or benefit. As conceded by Great American, there is no current or pending claim which implicates its duties under the Policy. (Doc. 20 at pp. 10-11.) Great American also does not allege that there is some future liability or benefit which rescission will resolve. (*See generally id.*)

Furthermore, Georgia's requirement that rescission be prompt is not enough to create an actual controversy. In the Georgia cases cited by Great American in support of this position, there were underlying claims which created actual controversies. *Auto-Owners Ins. Co. v. Allstate Vehicle & Prop. Ins. Co.*, No. 1:17-CV-2559-TWT, 2018 WL 4361196 (N.D. Ga. Sept. 13, 2018) (involved insurance dispute arising out of a home fire); *Am. Safety Indem. Co. v. Sto Corp.,* 342 Ga. App. 263, 263, 802 S.E.2d 448, 450 (2017) (involved insurance dispute for claims related to stucco products). Significantly, Georgia courts are hesitant to enter declaratory judgment to determine contractual duties to an insured when no litigation is pending. *See Drawdy v. Direct Gen. Ins. Co.*, 277 Ga. 107, 109, 586 S.E.2d 228, 230 (2003) (declaratory judgment was not proper because the automobile insurer had denied

coverage without qualification and was seeking a determination of its contractual duties when no other litigation was pending against the insured).[1]

Fundamentally, Great American's duties under the Policy are not implicated. Great American outright acknowledges that it is seeking declaration of its right to rescission independent of any reasonably concrete liability or benefit. There is no pending claim or litigation that rescission will resolve, and Great American has not identified any potential claims which may arise. Both federal – and Georgia – case law is clear that this is insufficient to create an actual controversy to support declaratory judgment and subject matter jurisdiction. Great American is essentially asking this Court to issue a declaration that will "provide no concrete benefit to either party." *Republic-Franklin Ins. Co.*, 2021 WL 3403801, at *3. Moreover, under these facts, no amendment to Great American's Complaint will be able to articulate an actual controversy. Therefore, the Court should deny Great American's Motion to File an Amended Complaint and dismiss Great American's Complaint for lack of subject matter jurisdiction.

**<u>CONCLUSION</u>**

---

[1] Declaratory judgment is not Great Americans only avenue to seek rescission. Great American can sue for rescission of the policy without the need for declaratory judgment, but it would then need to meet certain requirements, such as returning the policy premiums. *See Dodds v. Dabbs, Hickman, Hill & Cannon, LLP*, 324 Ga. App. 337, 341, 750 S.E.2d 410, 414 (2013) (explaining cause of action for rescission under Georgia law and the respective requirements for doing seeking rescission)

For the foregoing reasons, the Court should deny Great American's Motion to File an Amended Complaint, grant Global Management and Shiv's Motion to Dismiss, dismiss Great American's Complaint, and accord such other relief as the Court deems just and proper.

Respectfully submitted this 2nd day of July, 2025.

**BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/ D. Austin Bersinger*
D. Austin Bersinger
Georgia Bar No. 144792
Abigail Castleberry
Georgia Bar No. 696335
Promenade Tower
1230 Peachtree Street N.E., Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 868-2007
Email: abersinger@bradley.com
        acastleberry@bradley.com

*Counsel Global Management & Investment Corporation and Shiv Global Hotel, LLC*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned certifies that this document

has been prepared in accordance with Local Rule 5.1(B).

*/s/ D. Austin Bersinger*
D. Austin Bersinger
Georgia Bar No. 144792

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on July 2, 2025, I served a copy of the within and foregoing DEFENDANTS GLOBAL MANAGEMENT & INVESTMENT CORPORATION AND SHIV GLOBAL HOTEL, LLC'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS AND RESPONSE TO PLAINTIFF GREAT AMERICAN'S MOTION TO FILE AND AMENDED COMPLAINT upon all counsel of record in this matter by electronically filing a copy of same with the Court's CM/ECF system.

/s/ D. Austin Bersinger
D. Austin Bersinger
Georgia Bar No. 144792